408 P.2d 177

**Norma L. THEESEN, Plaintiff-Respondent,**

**v.**

**CONTINENTAL LIFE & ACCIDENT COM-PANY, Defendant-Appellant.**

**No. 9505.**

Supreme Court of Idaho.

Nov. 24, 1965.

Langroise, Clark & Sullivan, Boise, for appellant.

Swayne & McNichols, Orofino, for respondent.

McQUADE, Chief Justice.

Plaintiff-respondent herein, Mrs. Norma L. Theesen, instituted this action against defendant-appellant, Continental Life and Accident Company, to establish the existence of a valid contract of insurance between her deceased husband and the insurance company and the insurance company's liability thereon. Plaintiff was granted several continuances due to illness in her family. A pretrial conference was set for January 23, 1964, at Orofino and defendant's attorney was informed of said conference by a letter from the trial court dated

January 10, 1964. Because of previously scheduled court appearances in Boise and because the parties had negotiated a stipulation in lieu of pretrial conference, defendant's attorney sent a request to the trial court dated January 15, 1964, to vacate the conference. The trial judge did not receive the letter before journeying from his chambers in Latah County to Clearwater County, the situs of the pretrial conference. On the appointed date both the judge and the plaintiff's counsel appeared at Orofino for the pretrial conference. The defendant's attorney did not appear. Upon motion of the plaintiff's attorney, the trial court issued an order in lieu of pretrial order, admitting into evidence Mrs. Theesen's answers to defendant's interrogatories and certain other documents.

At trial the defendant objected to admission of the interrogatories, answers, and documents on several grounds, viz., that they were irrelevant, constituted hearsay, were self-serving declarations and were not properly authenticated. The judge overruled the objection because he had previously ruled upon their admissibility at pretrial. These interrogatories, the answers, and documents were the only evidence presented by the plaintiff. The plaintiff was not present in person at the trial. The trial court, in holding that the defendant was estopped by its conduct from denying the existence of the insurance contract, awarded judgment to the plaintiff. From this judgment the defendant has appealed.

The defendant asserts as error the failure of the trial judge to rule on the admissibility of the interrogatories and answers at the time they were offered into evidence at the trial. The basis of the judge's ruling was that he had previously ruled them admissible at pretrial in the absence of defendant's attorney.

Plaintiff cites I.R.C.P. 83 as authority for the trial court's action. I.R.C.P. 83 reads as follows:

"Rules by district and probate courts. —Each district and probate court may from time to time make and amend rules governing its practice not inconsistent with these rules, and in all cases not provided for by rule, may regulate its practice in any manner not inconsistent with the rules promulgated by the Supreme Court and the statutes of this state. A copy of any rule or amendment thereof so made shall be furnished the Office of the Coordinator of the Courts of the state of Idaho."

The trial court cited no rule of the Second Judicial District which supports its ruling admitting the interrogatories and answers. Therefore, the trial court must have proceeded under the phrase, "in all cases not provided for by rule, may regulate its practice in any manner not inconsistent

with the rules promulgated by the Supreme Court and the statutes of this state." Under the proper circumstances a trial court is empowered to grant the defendant an involuntary dismissal under I.R.C.P. 41(b) when the plaintiff disobeys a court order to appear for a pretrial conference; similarly, it could grant the plaintiff a default judgment under I.R.C.P. 55(a) when the defendant disobeys a court order to appear for a pretrial conference. Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); Nasser v. Isthmian Lines, 331 F.2d 124 (2d Cir. 1964); Ohliger v. United States, 308 F.2d 667 (2d Cir. 1962); Thompson v. Oil Refineries, 27 F. Supp. 123 (W.D.La.1939).

 Furthermore, a party or his attorney may be penalized or punished for disobeying court orders. However, the punishment must not be such as to render to the opponent of the offending party an unfair advantage at the trial and permit him to do what he otherwise would be foreclosed from doing. Admitting evidence without permitting a pary effectively to object thereto is such a penalty. The time for the trial court to rule on the admissibility of evidence is after the party against whom it is offered has had an opportunity to object thereto. A party must be given an opportunity specifically to object to the introduction of evidence and is entitled to a ruling thereon by the trial judge. 26A

C.J.S. Depositions §§ 99 et seq.; 88 C.J.S. Trial § 113. A court's sanction should not alter the course of litigation so as to render an injustice. A court's ruling on the admissibility of evidence before a party has had an opportunity to present its objections and then refusing to rule on the merits of the party's objections to the introduction of the evidence is a manifest injustice and contrary to the orderly procedure of a fair trial.

 Because the issue has been raised on appeal, we think it important to discuss generally interrogatories and answers and their admissibility. Interrogatories are exploratory, intended to ferret out facts, witnesses and documents to enable the searching party thereafter to prepare his case in an effective and orderly manner. Town of River Junction v. Maryland Casualty Co., 110 F.2d 278 (5th Cir. 1940). Over objection, interrogatories and answers are not admissible without meeting the rules of evidence. I.R.C.P. 33 and 26 (d). Answers to interrogatories are admissible insofar as the rules of evidence permit and answers which are hearsay, opinion, or contrary to the best evidence rule are not usually admissible. 4 Moore, Federal Practice, ¶ 33.29 (2d ed.). We make no determination at this time concerning the merits of defendant's objections to the introduction into evidence of the interrogatories and answers and other documents.

■ Defendant properly objected to the blanket admission of the interrogatories and answers at the commencement of the trial. It is entitled to a ruling by the trial court on the merits of its objection.

Judgment reversed and cause remanded for further proceedings.

The appellant is awarded its costs.

McFADDEN, SMITH and KNUDSON, JJ., and SPEAR, D. J., concur.