657 P.2d 486

**Dorothy CROLLARD,
Plaintiff-Respondent,**

v.

**Jack T. CROLLARD,
Defendant-Appellant.**

**No. 13834.**

Court of Appeals of Idaho.

Jan. 18, 1983.

Paul D. McCabe, Coeur d'Alene, for defendant-appellant.

William B. Bantz, of Murphy, Bantz, Jansen, Klobucher, Clemons & Bury, Spokane, Wash., James T. Knudson, Coeur d'Alene, for plaintiff-respondent.

WALTERS, Chief Judge.

Jack Crollard appeals a district court order upholding a magistrate court judgment in a divorce action. We are asked to review

the determination that stock certificates worth approximately $75,000, and an insurance policy worth $4,352, were community property. We reverse and remand.

At the trial, both husband and wife admitted there existed good cause for divorce due to irreconcilable differences between them. The trial primarily focused upon their dispute concerning the nature of various assets. The only witnesses to testify during the trial were the parties themselves. Following trial, the magistrate court took the matter under advisement, and later issued a comprehensive and well-reasoned memorandum decision concerning the characterization and division of the parties' assets. The only problem with this decision was a misplaced reliance on matters not in the evidence.

The magistrate determined that the husband held an insurance policy with a cash value of $4,352; that it had been acquired during the marriage; and that the policy was therefore presumed to be community property. *See Stanger v. Stanger,* 98 Idaho 725, 571 P.2d 1126 (1977); *Speer v. Quinlan,* 96 Idaho 119, 525 P.2d 314 (1974). This presumption was not rebutted by any contrary evidence.

The magistrate's findings concerning the existence of the insurance policy and its time of acquisition were based solely upon information gleaned from the husband's answers to interrogatories filed with the court in response to interrogatories submitted to him by the wife. During the husband's testimony at trial, the answers to the interrogatories were placed before him, his counsel, and the court; but they were neither offered nor admitted as evidence. The only reference to the existence of an insurance policy during the trial proceedings occurred in a question to the husband propounded by the wife's counsel, and the question was striken from the record upon objection, for reasons not at issue on this appeal. The trial court recognized that the answers to the interrogatories were not evidence in the case, but relied upon them for his determination because they were alluded to during the husband's testimony, and were thus "incorporated in the evidence."

Likewise, using information from the husband's answers to interrogatories, the magistrate determined that certain corporate stock had been acquired during the marriage. Each type of stock, the number of shares of each and their values were also gleaned from the answers to interrogatories. At trial the husband's testimony alluded generally to stock holdings; but the type, amount or value of the stocks were not stated. Income tax returns, admitted at trial, contained reference to some, but not all, of the stocks. The magistrate's determination regarding the stocks necessarily was made, at least in part, in reliance upon the answers to interrogatories. Because no evidence was introduced to rebut the presumption of community property, the magistrate concluded that the total value of these stocks, $75,017, was community property to be divided equally between the parties.

We believe the magistrate erred by treating the answers to interrogatories as though they were evidence, when they had not been so offered and admitted. Interrogatories are exploratory, intended to ferret out information to enable the searching party to prepare his case in an effective and orderly manner. *Theesen v. Continental Life & Accident Company,* 90 Idaho 58, 62, 408 P.2d 177, 179 (1965). Answers to interrogatories are admissible insofar as the rules of evidence permit. An answer to an interrogatory is hearsay and inadmissible when offered by the answering party as substantive evidence. *Barrett v. Melton,* 112 Ariz. 605, 545 P.2d 421 (1976). But when offered by the opposing party, answers to interrogatories are admissible under the admissions of a party-opponent exception to the hearsay rule. *Id.*

Answers to interrogatories are not part of the pleadings and they are not considered evidence unless introduced as such at trial. C. WRIGHT and A. MILLER, FEDERAL PRACTICE and PROCEDURE: Civil § 2180 (1970). It has been held that error sufficient to reverse a judgment occurs when a judge has used interrogatories that have

not been introduced into evidence, to establish a fact by inference. *See Bracey v. Grenoble,* 494 F.2d 566, 570 n. 5 (3rd Cir. 1974); *Delaware Coca-Cola Bottling Co., Inc. v. General Teamsters Local Union 326,* 474 F.Supp. 777, 786 n. 17 (D.C.Del.1979), reversed on other grounds, 624 F.2d 1182 (3rd Cir.1980).

 Moreover, in our view, answers to interrogatories do not become incorporated into evidence in a trial merely by allusion, indirect reference or physical presence before the court during the questioning of a witness. None of these circumstances suffices as a substitute for application of the rules of evidence to establish the admissibility of the answers—especially where a party is precluded, by a judge's post-trial decision to treat the answers as evidence, from the opportunity to voice an objection to such evidence and to obtain a ruling thereon. *See Theesen v. Continental Life & Accident Company, supra.*

Consequently, we hold there was no competent evidence introduced at trial to support the determination that an insurance policy worth $4,352 was acquired during the marriage. Concerning the stocks, the competent evidence is limited to a general testimonial reference to shares of stock, and to income tax returns mentioning some of those stocks as jointly owned. There is no competent proof of the numbers and values of the stocks. We conclude that the record does not support the magistrate's determination that an insurance policy worth $4,352 and stock certificates found to be worth $75,017 were community property.

The decision of the district court, affirming the magistrate's judgment, is reversed. Our ruling leaves unadjudicated both the character of, and the interests of the parties in, the insurance policy and those stock certificates which were found to be worth $75,017. The matter is remanded to the district court with direction that it be further remanded to the magistrate division for the purpose of taking further evidence and properly disposing of these assets.

Costs to appellant, Jack Crollard. No attorney fees on appeal.

SWANSTROM and BURNETT, JJ., concur.