## No. 10,394.

### HEINY v. HEINY.

Decided December 4, 1922.

Action for divorce. Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1. DIVORCE AND ALIMONY—*Pleading.* In an action for divorce, a complaint is sufficient which states clearly the substance of what is required by the statute. There is no rule requiring the exact language of the statute to be followed.

2. *Alimony—Contempt.* Commitment for contempt is justified for failure to pay alimony and attorney fees in a divorce action; but not for failure to pay a judgment for money loaned.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. JOHN A. DEWEESE, for plaintiff in error.

No appearance for defendant in error.

*Department One.*

. Mr. Justice Teller delivered the opinion of the court.

Defendant in error was plaintiff in a suit for divorce upon the grounds of cruelty, and on the trial a jury was waived, and the case tried to the court. Findings were made in favor of the plaintiff. The defendant was ordered to pay $40 a month as alimony, $100 attorney's fees, and judgment was entered against him for the sum of $270, money loaned him by the plaintiff. Thereafter the defendant filed a petition for a modification of the findings, setting up that the parties had stipulated as to alimony.

On the hearing on the petition it developed that the stipulation had not been signed by the plaintiff, and the court then amended its findings and entered an order *nunc pro tunc,* as of the date of the original findings, making the $270 apply as alimony, and not as a judgment; and at the same time the court entered an order committing the defendant to jail until he should pay $40 alimony then due, and the sum of $270 then made alimony.

The defendant brings the case here on error, and asks for a supersedeas. It is alleged that the complaint does not state facts sufficient to constitute a cause of action in this, that the charge of cruelty is not made in accordance with the statute of 1917. The paragraph of the statute to which reference is made provides as a ground for divorce "that the spouse from whom a divorce is sought has been extremely and repeatedly cruel toward the other spouse," etc. The complaint charges "that the defendant has been guilty of extreme and repeated acts of cruelty committed toward this plaintiff," with an offer to furnish particulars as to the acts, upon demand.

It appears that the supposed defect in the complaint lies in the difference in the wording of the complaint from the language of the statute. The complaint states clearly the substance of what is required by the statute, and that is

sufficient. There is no rule which requires, in a civil action, that the exact language of the statute be followed. It is sufficient if a charge of cruelty is made clearly and concisely.

It is further alleged that the court erred in committing the defendant to jail for contempt until the sum of $270 and interest, be paid. A commitment was justified by defendant's failure to pay the $40 originally allowed as alimony, and the portion of the attorney's fees due, but was not justified as to $270. That sum having formed the subject of a judgment, the defendant's failure to pay the same was no contempt.

The judgment is affirmed, except as to the part directing the commitment until the $270 is paid. Supersedeas denied and judgment, as modified, affirmed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE ALLEN concur.