## No. 20,582.

### CLARENCE E. HARVEY *v.* ALICE C. HARVEY.

(384 P. [2d] 265)

**Decided August 12, 1963.**

Mr. HARMAN E. CHAPMAN, for plaintiff in error.

Messrs. CLAYTON & GILBERT, Mr. DAVID B. EMMERT, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MCWILLIAMS.

ON February 13, 1962, Alice Harvey was granted a divorce from Clarence Harvey upon the statutory grounds of mental cruelty, and as a part of the decree the trial court ordered Clarence to pay Alice the sum of $1822.50. Of this amount $1500 represented Alice's share of the property of the parties, as determined by the trial court; $300 as her attorney's fee; and the remaining $22.50 was for her court costs.

Some three months later, Clarence not having paid her $1822.50 or any part thereof, Alice, under Rule 69 R.C.P. Colo., obtained an order of court commanding Clarence to appear for an examination into his general financial standing and for the specific purpose of ascertaining the extent of his various holdings. At this hearing the trial court determined that Clarence owned many items of personalty "not exempt from execution" which were much more than adequate to discharge his liability to Alice. Included in this list of assets were certain United States savings bonds, series E, purchased in 1959 at a cost of $8000. In its decree the trial court again ordered Clarence to pay into the registry of the court the sum of $1822.50 within thirty days, and went on to declare that should Clarence fail to make such payment he would "be deemed guilty of a contempt of court and liable to punishment."

Some four months after the date of the aforementioned order, Clarence still declining to pay the sum of $1822.50 or any part thereof, the trial court adjudged him to be in contempt, and directed that he be "punished for his contempt by imprisonment in the County Jail . . . until such time as he purges himself of contempt by payment of the sum of $1822.50. . . ." In adjudging Clarence to be "guilty of contempt" the trial court made detailed written findings, the gist of which was that Clarence was held to be in contempt because of "his disobedience, failure and refusal to comply with said order and decree

of this court, he having had at the time and now . . . the means and ability to comply therewith . . . and that his actions and conduct with reference to funds and property is one of subterfuge. . . ."

By writ of error Clarence seeks reversal of the order adjudging him to be guilty of contempt and confining him in the common jail until he purges himself of contempt by payment to Alice of the $1822.50 ordered by the court. He attacks this contempt order on two grounds: (1) the trial court erred in "imprisoning" him, such being imprisonment for debt and in violation of Article II, §12 of the Colorado Constitution; and (2) if the trial court did have the "authority to imprison," it must be for a "time certain" and not until such time as he complies with the order of the court.

It is deemed important to note that Clarence has never in any manner challenged the correctness of the trial court's order that he pay Alice $1822.50, or its finding that he is possessed of assets from which he could realize sufficient moneys to discharge this liability. Nor has he in anywise disputed the trial court's finding to the effect that he *wilfully* disobeyed the order of the court. He only contends that the trial court is powerless to punish him by confinement in jail, or alternatively, that any jail sentence must be for a time certain, and in no event for more than one year. In our view both contentions are without merit and the judgment of contempt must be affirmed.

In 17 Am. Jur. divorce and separation, §§794 and 796, pp. 813-815, it is stated that:

"The usual method of enforcing an order in a divorce action whether the order be for alimony pendente lite, permanent alimony, or counsel fees, costs, and suit money, is by means of a commitment for contempt of court after notice to the husband and a demand for payment. The rule is based upon the ground that the refusal is wilful disobedience, and where a party is guilty of wilful disobedience, or obstinacy to an order of the court,

the court is empowered to punish for contempt and sentence him to imprisonment until the specified sum or costs are paid, . . .

\* \* \*

"The payment of alimony pendente lite, counsel fees, costs, and suit money, and permanent alimony may be enforced by imprisonment for contempt of court since alimony, whether temporary or permanent, or an award for attorneys' fees does not constitute a debt within the meaning of that term as used in constitutional prohibition of imprisonment for debt. . . ."

█ Contempt proceedings are equally available in enforcing a judgment which determines the property rights of the parties in a divorce proceeding. See 17 Am. Jur. divorce and separation §921 at page 106 and §938 pp. 120-121.

█ In re Popejoy, 26 Colo. 32, 55 P. 1083, involved a situation where an errant husband was jailed after being adjudged to be in contempt for his failure to make certain money payments ordered by the court in a separate maintenance proceeding. There, as here, it was argued that such constituted imprisonment for debt and was prohibited by Article II, §12 of the Colorado Constitution. In rejecting this line of reasoning it was said:

"This constitutional provision against imprisonment for debt does not prohibit the punishment of a contempt in refusing to obey the lawful orders or decrees of court; and in this case it appears that the petitioner is not imprisoned for a debt, but because of his refusal to obey the lawful order of the court with reference to a debt represented by the judgment in favor of his wife."

In Heiny v. Heiny, 72 Colo. 367, 211 P. 103 it was held that a commitment to jail for contempt is justified for failure to pay alimony and attorneys' fees in a divorce action, but that any commitment for failure of the defendant-husband to pay the plaintiff-wife for money loaned was not justified.

It should be noted that in both the Popejoy and Heiny

cases the commitment was not for a time certain, but until such time as the contemner should comply with the order of court.

In the light of the foregoing it is deemed quite clear that the action of the trial court in committing Clarence to the common jail does not constitute an imprisonment for debt. Clarence is not in the common jail because he is a judgment debtor, but because he has wilfully disobeyed a lawful order of the court. Under these circumstances the action taken is well within the power of the trial court.

Clarence's further contention that even though commitment to the county jail be proper, it must be for a term certain and in no event for more than a term of one year, is also without merit. He cites no authority, incidentally, in support of such a limitation upon the contempt powers of a court.

Rule 107 (a) R.C.P. Colo. provides, inter alia, that "if the contempt consists of the failure to perform an act in the power of the person to perform he may be imprisoned until its performance." The right to "imprison until performance" was recognized in *Murley v. Murley*, 124 Colo. 581, 239 P. (2d) 706.

The judgment is affirmed.

MR. JUSTICE MOORE and MR. JUSTICE SUTTON concur.