509 P.2d 1325

Vernon C. PHILLIPS, Plaintiff,

v.

The DISTRICT COURT OF the FIFTH JU-
DICIAL DISTRICT of the State of Ida-
ho, Honorable Sherman J. Bellwood, Judge
of said Court, Presiding, and August C.
Bethke, Clerk of said Court, in and for
Minidoka County, Defendants.

No. 11107.

Supreme Court of Idaho.

May 14, 1973.

Lawrence H. Duffin, Burley, for plain-
tiff.

Goodman, Duff & Chisholm, Rupert, for
defendants.

McQUADE, Justice.

Plaintiff Vernon C. Phillips, of Rupert,
Idaho, married Mabel J. Phillips on July
31, 1945. After twenty-five years of mar-
riage Vernon and Mabel Phillips obtained
a divorce on November 9, 1970. On
March 6, 1972, the Hon. Sherman J. Bell-
wood, district judge, Fifth Judicial Dis-
trict, issued an order to show cause, and
after a hearing he held the plaintiff, Ver-
non Phillips, in contempt of court for fail-
ing to comply with the terms of a divorce
decree entered on November 9, 1970. A
motion for rehearing was denied and the
present writ of review was then applied
for and granted.

Vernon Phillips and Mabel Phillips had
entered into a property settlement agree-
ment and other adjustment of rights be-
tween themselves on October 9, 1970. This
agreement was incorporated by reference
into the decree of divorce. The main obli-
gations of concern here under the property
settlement agreement were: (1) the plain-
tiff's obligation to make his child support
payments through the clerk of the court;[1]

---

1. The child support payments appear to have been current. The objection was that they were being paid directly rather than through the clerk of the court.

(2) the plaintiff's duty to pay off the indebtedness on a Buick automobile which was to be the wife's; (3) the plaintiff's duty to pay $7,000 per year to Mabel Phillips over a thirty year period to adjust division of their community property. Plaintiff was to make property division payments of $583.33 per month for the first twelve months and for the twenty-nine years thereafter was to pay $3,500 semi-annually. Vernon and Mabel Phillips had five children at the time of the divorce, the oldest of whom was married. Custody of the children was awarded to Mabel Phillips.

In holding Vernon Phillips in contempt of court for failing to comply with the terms of his divorce decree the district court made the following findings:

"1. That the plaintiff is delinquent in the payment of money due the defendant for property settlement payments in the sum of $1,033.35 for monthly payments due prior to November 1, 1971, and the further sum of $3,500.00 for the annual payment due on November 1, 1971, both with interest at the statutory rate since the date of delinquency.

"2. That the plaintiff is delinquent in the payment of money due on the automobile payment for the Buick automobile awarded to the defendant, and payable to G.M.A.C.

"3. That the plaintiff has failed to make the child support payments through the clerk of this court as required by the Decree of Divorce.

"4. That the plaintiff has had the income and ability to make the payments now delinquent and herein found to be delinquent."

Based on the above findings by the district court, Vernon Phillips was adjudged

in contempt of court, fined $500 and sentenced to five days in the county jail. The district court allowed one month for Vernon Phillips to purge himself of contempt and the judgment of the court by becoming current on his obligations. An extension of the time period for plaintiff to purge himself of contempt was made when a motion for rehearing was denied on March 15, 1972.

The child support payments, since they were current, are not central to this case. The case centers around enforcement of the property division payments and the automobile indebtedness payments. A basic question to be decided is whether the constitutional provision against imprisonment for debt (art. I, § 15) [2] bars the district court from using contempt powers to enforce compliance with the property settlement agreement.

▬▬▬ Before reaching the constitutional question we must first analyze the relationship existing between the divorce decree and the property settlement agreement. Contempt is an extraordinary proceeding, and to invoke this proceeding there must be a court order which has been violated.[3] Standing alone, the property settlement agreement is merely a contract between the parties and is subject only to contractual remedies. This status changes, however, when a property settlement agreement is "merged" into a divorce decree.

When a separation agreement submitted to a court in connection with a divorce action is merged into the divorce decree all the provisions of the agreement are enforceable by the court as a part of its decree.[4] This Court has stated that merger of a property settlement agreement into a decree of divorce is to be presumed.[5] In

2. Art. I, § 15 of the Constitution of the State of Idaho provides: "There shall be no imprisonment for debt in this state except in cases of fraud."

3. Theesen v. Continental Life & Accident Company, 90 Idaho 58, 408 P.2d 177 (1965).

4. Phillips v. Phillips, 93 Idaho 384, 386, 462 P.2d 49 (1969).

5. Id., 93 Idaho at 387, 462 P.2d at 52, where this Court stated: "We, therefore, hold that when parties enter into an agreement of separation in contemplation of divorce and thereafter the agree-

the present case this presumption is combined with the declared intention of the court to merge the agreement and decree. The decree provided:

"That the property settlement agreement entered into between the parties hereto, dated the ninth day of October, 1970, be, and is hereby approved, confirmed and ratified, and that the *provisions thereof be, and are incorporated in and made a part of the decree of this court,* and that the property of the parties hereto be, and is hereby, awarded in accordance with the terms of said property settlemtn [sic] agreement and *that the defendant be, is is* [sic] *hereby ordered to comply with all of the terms, conditions, and provisions of the said property settlement agreement."* (Emphasis added).

We now reach the constitutional question of whether art. I, § 15 of the Constitution of the State of Idaho was violated by the district court finding Vernon Phillips in contempt of court for failing to comply with the property settlement provisions of the divorce decree in question. This Court has ruled that it is not a violation of art. I, § 15 to find a party in contempt where the delinquent payments are based to some extent on support obligations. In the case of Application of Martin [6] this Court stated:

"There is involved no violation of petitioner's rights under the constitutional provision against imprisonment for debt. Const. Art. I, § 15. The obligation of a husband and father for support of his wife and children is not a 'debt' within the meaning of such constitutional provision, and when made specific by the judgment or order of a court of competent jurisdiction, he may be imprisoned in contempt proceedings for a willful failure to perform." [7]

The property agreement here in question is not unrelated to the husband's duty to support the wife. Paragraph 10 of the agreement consists of a release by the wife of:

" * * * all claims whatsoever upon the husband for a further division of the community property, alimony, support and maintenance, under the laws of the State of Idaho and Washington or any other state, except the right to demand performance of all the undertakings of the husband contained in this agreement. . . ."

The constitutional prohibition against imprisonment for debt relates to matters basically contractual in nature. Problems of domestic relations involving alimony, support payments, property settlements, together with court orders in connection therewith are state concerns and involve safeguarding the vital interests of the people. In Decker v. Decker,[8] The Supreme Court of Washington stated:

"We hold that contempt proceedings are a proper remedy to enforce the court's order with respect to property settlements—whether or not the settlement was previously agreed to by the parties, so long as it is embodied or incorporated by reference in the divorce decree. The husband may be imprisoned until he complies with the court's order, unless: (1) he can show that he does not have the means to comply with the order, or (2) he can show that the particular provision sought to be enforced has no reasonable relation to his duty to support his wife and/or children." [9]

ment is presented to a district court in which a divorce action is pending and the court is requested to approve, ratify or confirm the agreement, certain presumptions arise. In the absence of clear and convincing evidence to the contrary, it will be presumed that each provision of such an agreement is independent of all other provisions and that such an agreement is not integrated; it will be further presumed that the agreement is

merged into the decree of divorce, is enforceable as a part thereof and if necessary may be modified by the court in the future."

6. 76 Idaho 179, 279 P.2d 873 (1955).

7. *Id.,* 76 Idaho at 188, 279 P.2d at 878.

8. 52 Wash.2d 456, 326 P.2d 332 (1958).

9. *Id.,* 326 P.2d at 337.

In Harvey v. Harvey,[10] the Supreme Court of Colorado, after noting that alimony does not constitute a debt within the meaning of the term as used in the constitutional prohibition of imprisonment for debt, stated that: "Contempt proceedings are equally available in enforcing a judgment which determines the property rights of the parties in a divorce proceeding."[11] Although there is contrary authority to this reasoning in Arizona and California cases,[12] we agree with the above quoted authorities and with the reasoning of Justice Traynor of the Supreme Court of California in his dissent in Bradley v. Superior Court.[13] There Justice Traynor stated:

> "The majority opinion concedes that an alimony award based on the agreement of the parties is enforcible by contempt, see also, Holloway v. Holloway, 130 Ohio St. 214, 198 N.E. 579, 154 A.L.R. 449, since it is sufficiently related to the statutory duty of support incident to the marriage relationship as to be outside the constitutional prohibition of imprisonment for debt. Cal.Const. art. I, § 15. Rights and duties with respect to property growing out of the marriage relationship and crystallized in a court order are likewise outside the scope of that provision. Such an order has not less a special character because it is based on an agreement of the parties than an alimony award based on such an agreement. In-

deed, in some states the very theory underlying use of contempt to enforce awards of alimony is that alimony is itself an adjustment of property rights."[14]

There is no violation of art. I, § 15 of the Idaho Constitution involved in this case. The rights involved here are those determined by and enforced through the judgment and decree.

■ The jurisdiction of the district court is discussed in Phillips,[15] where it is stated:

> "Other matters of importance in a divorce action are the disposition and division of the community property of the parties and the award of alimony or support to the wife. Our statutes place the same jurisdiction, responsibility and duty on the district courts in the disposition of these matters. I.C. §§ 32–704, 32–706, 32–712, 32–713, and 32–715. There is no more reason to divest the courts of their jurisdiction by contract of the parties in these areas than in the area of child support."[16]

The district court had the jurisdiction to find plaintiff in contempt of court.

The district court order of March 6, 1972, is hereby affirmed. Costs to defendants.

DONALDSON, C. J., and SHEPARD, McFADDEN and BAKES, JJ., concur.

10. 153 Colo. 15, 384 P.2d 265 (1963).

11. *Id.*, 384 P.2d at 266.

12. See Proffit v. Proffit, 105 Ariz. 222, 462 P.2d 391 (1969) ; Plumer v. Superior Court, 50 Cal.2d 631, 328 P.2d 193 (1958).

13. 48 Cal.2d 509, 310 P.2d 634 (1957).

14. *Id.*, 310 P.2d at 643.

15. 93 Idaho 384, 462 P.2d 49 (1969).

16. *Id.*, 93 Idaho at 387, 462 P.2d at 52.