804 P.2d 940

**Lacey SIVAK, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**Nos. 18599, 18671.**

Court of Appeals of Idaho.

Jan. 23, 1991.

---

Lacey Sivak, Boise, petitioner-appellant pro se.

Jim Jones, Atty. Gen. and Timothy D. Wilson, Legal Services Div., Boise, for respondent.

WALTERS, Chief Judge.

These appeals, consolidated for disposition, stem from a single proceeding in district court involving appellate review of a magistrate's order dismissing two habeas corpus petitions filed by Lacey Sivak, an inmate in the custody of the state Board of Correction. In the first appeal, no. 18599, Sivak contends the district court erred in refusing to hold employees of the respondent in contempt of court for allegedly violating a protective order issued while the appeal from the magistrate division was pending. In the second appeal, no. 18671, Sivak argues that the district court erred in upholding the magistrate's order dismissing the petitions for writs of habeas corpus. For the reasons explained below, we affirm each of the orders.

While in the custody of the state Board of Correction on September 16, 1988, Sivak filed a petition for writ of habeas corpus alleging that he had been deprived of medical attention by the respondent. Before determination of that application, he filed on December 13 another petition, alleging he was not receiving treatment for his dental needs. The petitions were consolidated by a magistrate for hearing. At the com-

pletion of the proceeding, the magistrate entered written findings and conclusions, denying relief to Sivak and dismissing both petitions. Sivak appealed to the district court.

During pendency of the appeal to the district court, Sivak learned that he was about to be transferred to different housing within the penitentiary complex. He sought and obtained a protective order from the district court, directing the respondent to permit Sivak to maintain possession of his files in this action. After Sivak was transferred, he filed a motion with the district court, alleging that named employees at the penitentiary had violated the protective order. He claimed that some of his materials were lost when a box in which his files had been placed broke open during the move to Sivak's new cell. The district court treated Sivak's motion as a request to find the employees in contempt of court. *See,* I.C. § 7–601(5) (contempt for disobedience of lawful judgments, orders or process of the court). The court conducted an evidentiary hearing and concluded that the evidence presented at the hearing was "insufficient to establish any wilful deliberate disobedience to this Court's order by any of [the] respondents." Based upon that determination, the court entered an order denying Sivak's motion. Sivak filed a notice of appeal, resulting in our case no. 18599. Later, the district court entered an order affirming the magistrate's dismissal of Sivak's petitions for writs of habeas corpus. Sivak appealed from that order, resulting in case no. 18671.

As a matter of procedure, we must dismiss appeal no. 18599, as having been taken from a nonappealable order. The district court's order denying Sivak's contempt motion was an interlocutory order, entered prior to final disposition of the appeal pending in the district court. Interlocutory orders are appealable only if allowed by the Idaho Appellate Rules. Appellate Rule 11 specifies the judgments, orders and decisions from which appeals can be taken. This Rule does not include, as an appealable item, an order denying a

motion for contempt. The Rule does, however, provide that an appeal can be taken from "[a]ny contempt order or judgment certified by the trial court to be final as provided by Rule 54(b), I.R.C.P." I.A.R. 11(a)(4).

It is unclear from the Rule whether a "contempt order" includes an order which determines that a party is *not* in contempt of court. Arguably, the "contempt order" referred to in the Rule refers only to an order holding a party in contempt of court, so a party may seek immediate appellate review of the order before suffering any sanctions for the contempt. That necessity does not exist in a situation where a party is found not to be in contempt of court. Such a ruling does not require immediate review, but most likely can await an appeal from the final judgment in the case. However, it is not necessary for us to interpret Rule 11(a)(4) in this case by deciding whether the Rule includes orders in contempt proceedings which do not find the existence of contempt. We simply note that, in any event, the order in no. 18599 was not certified as a final order under Rule 54(b) by the district court. As a result, it was not separately appealable from the final decision rendered by the district court on the appeal from the magistrate division. Hence, we conclude that the appeal in no. 18599 was taken from a nonappealable order and must be dismissed. *Compare In Re Contempt of Reeves,* 112 Idaho 574, 578, 733 P.2d 795, 799 (Ct.App.1987) (holding that certification requirement of I.R.C.P. 54(b) did not apply to order holding *nonparty* in contempt).

Nonetheless, our dismissal of no. 18599 does not preclude a review of the court's order. The appeal in no. 18671 was taken from the court's decision affirming the magistrate's dismissal of the petitions for writs of habeas corpus. That appeal was permissible under I.A.R. 11(a)(2). It is deemed to include any interlocutory orders. I.A.R. 17(e)(1). We therefore may consider Sivak's challenge to the court's decision not to hold the employees of the respondent in contempt of court as an issue included in appeal no. 18671.

There is a division of authority among the several jurisdictions on the question of whether an order—determining that allegations of contempt of court have not been established—is reviewable on appeal. ANNOT., *Appealability of Acquittal from or Dismissal of Charge of Contempt of Court*, 24 A.L.R.3d 650 (1969). It has been said that where the purpose of the contempt action is primarily to vindicate the dignity or authority of the court, an order declining to find a party in contempt is not reviewable on appeal. *Id.* at 656. The philosophy behind this approach seems to be that it is solely within the province of the trial court to determine the enforceability of its own orders. Where such an appeal is allowed, however, appellate courts generally review the propriety of such orders under an "abuse of discretion" standard. In Idaho, our Supreme Court has recognized that appellate review may occur with regard to an order refusing to find a party in contempt of court. *Lester v. Lester*, 99 Idaho 250, 580 P.2d 853 (1978). The exercise of discretion by the trial court is, of course, dependent upon the establishment of an underlying factual basis for the exercise of that discretion. For the purpose of appellate review, we must then look to see if there is substantial evidence supporting the trial court's decision. For example, we have said that we will review a contempt order to determine whether the finding that the contemnor committed a contemptuous act is supported by substantial evidence. *In re Contempt of Reeves, supra,* 112 Idaho at 579, 733 P.2d at 800. If we apply that same approach to the instant case, we consequently must determine whether there is substantial evidence to support the district court's decision *not* to hold the respondent in contempt of court.

■ It will be recalled that the district court conducted an evidentiary hearing on the question of whether the court's protective order had been willfully or deliberately violated by the respondent. That court concluded that the evidence was insufficient to show such a violation. Essentially, this was a "negative" finding by the district court, *i.e.*, that the moving party failed in its burden of proof. *Viehweg v. Thompson*, 103 Idaho 265, 647 P.2d 311 (Ct.App.1982). Our standard for review of such a finding is to determine if the lower court's decision is "clearly erroneous." *Id.* The district court made certain affirmative findings from the facts presented, which shed light on its ultimate finding of no willful violation. The court found:

The evidence presented at the hearing of this matter on February 7, 1990 established that the prison authorities were aware of the protective order and did remove the petitioner's files in this action from his possession. However, it was clear that such was done in the necessary course of moving petitioner and other death row inmates from the Idaho State Correctional Institution to the new Idaho Maximum Security Institution upon completion of the new facility. The only specific items in petitioner's legal files which were confiscated and not available to him at the new prison are certain plastic binders which had to be kept out of the new "sterile" prison because they are not [sic] considered contraband.

Care was taken to preserve petitioner's papers during the move. Boxes used by professional moving companies were obtained. When the bottom of the box holding petitioner's legal papers gave way and several fell out, they were immediately replaced into the box and it was taped.

The evidence is insufficient to establish any wilful deliberate disobedience to this Court's order by any of respondents.

We have reviewed the transcript of the court's evidentiary hearing. We must defer to the district judge's special opportunity to determine the credibility of the witnesses who appeared at the hearing. I.R.C.P. 52(a). Having reviewed the evidence submitted in this case, we cannot say that the district court's decision was clearly erroneous. The affirmative findings made by the court are fully supported by the evidence. The court's finding that the evidence was insufficient to establish contempt is simply another way of declaring that the burden of proof was not satisfied.

*Viehweg, supra.* Consequently, we affirm the order of the court denying Sivak's motion for contempt.

We turn next to a review of the district court's decision to uphold the magistrate's order dismissing Sivak's petitions for writs of habeas corpus. Where a district court sits as an appellate court for the purpose of reviewing a magistrate's judgment, the district court is required to determine whether there is substantial evidence to support the magistrate's findings of fact. If those findings are so supported, and if the conclusions of law demonstrate proper application of appropriate legal principles to the facts found, then the district court will affirm the magistrate's judgment. The judgment also will be upheld on further appeal. *See Ustick v. Ustick,* 104 Idaho 215, 657 P.2d 1083 (Ct.App.1983). On appeal from an order of the district court reviewing a determination made by a magistrate we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *Harney v. Weatherby,* 116 Idaho 904, 781 P.2d 241 (Ct.App.1989); *Cole v. Kunzler,* 115 Idaho 552, 768 P.2d 815 (Ct.App.1989).

On appeal to the district court, Sivak raised issues with regard to the sufficiency of the evidence to support the magistrate's determination that the respondent had not been deliberately indifferent to Sivak's medical, dental and personal hygienic needs. He also contended that the magistrate had denied his request to subpoena additional witnesses to testify at the evidentiary hearing. The district judge reviewed the transcript of the magistrate's evidentiary hearing and concluded that there was substantial competent evidence to support the facts found by the magistrate. In its appellate decision, the district court referred to particular evidence in the transcript and discussed in some detail the testimony from various witnesses. The district judge also determined that the magistrate properly had applied the appropriate law and had reached correct conclusions of law. On appeal from the district court, Sivak no longer takes issue with the question of the sufficiency of the evidence

nor with the conclusions of law entered by the magistrate. We therefore will not disturb the district court's review in that regard.

The only issue now pursued by Sivak relates to the refusal of the magistrate to allow Sivak to call certain witnesses at the habeas corpus hearing. We have considered Sivak's arguments in this regard. We have also considered the opinion of the district court in reviewing those same arguments. We conclude that the district court ruled correctly in upholding the decision of the magistrate dismissing the petitions for writs of habeas corpus. With some editorial changes, we adopt the district court's opinion. Referring to Sivak as the appellant, it is as follows.

The appellant contends that the magistrate refused his request to call additional witnesses at the evidentiary hearing to verify the appellant's claims of inadequate medical care. The appellant correctly asserts that only Dr. Mutch and the appellant himself were permitted to testify at the hearing. The appellant thus contends that the instant case should be remanded for another evidentiary hearing to allow the testimony of other witnesses.

The state responds that the appellant has failed to point to any specific error as shown by the record, thus the appeal should be controlled by *Sivak v. State,* 115 Idaho 757, 769 P.2d 1129 (Ct.App.1989), which requires that a petitioner identify specific errors in the record. Furthermore, the state explains that the only witnesses not called by the magistrate were those which the appellant desired to have testify concerning the appellant's having been battered by another inmate in 1987. The state notes that the magistrate determined that the appellant himself could testify of this matter and that further testimony by other witnesses would have been merely cumulative and unnecessary.

This Court has held, under I.C. § 19–4217, that *necessary* witnesses may be subpoenaed to testify in a habeas corpus proceeding. *Sivak v. State,* 114 Idaho 271, 755 P.2d 1309 (Ct.App.1988). In the

present case, the transcript of the evidentiary hearing reveals that the magistrate correctly informed the appellant of this standard, and during the course of the petitioner's presentation repeatedly inquired into each requested witness' expected testimony, its relevance and necessity.

Several of the witnesses requested by the appellant and denied by the magistrate were officers at the Ada County Jail whom the appellant expected to testify of the battery committed upon the appellant by another inmate and the treatment given the appellant during his incarceration at the Ada County Jail. The magistrate correctly determined that the occurrence of the battery and the treatment which followed was not disputed by the state and that the appellant himself could adequately testify of it.

The appellant sought to call several other lay witnesses who were expected to establish the medical treatment given to the appellant, which treatment was not contested by the state, and was fully developed by the appellant's medical records and testimony of both the appellant and Dr. Mutch. Similarly, the appellant's request to subpoena other doctors was unnecessary given the admittance into evidence of their reports and the appellant's failure to contest the reports or otherwise demonstrate the necessity of other physicians' testimony.

The appellant's request to subpoena other death row and close-custody inmates was properly denied when the appellant failed to assert that their proposed testimony as to the conditions of their confinement and their alleged inadequate medical treatment had relevance to the appellant's contentions that he was denied proper medical care.

■ In sum, the magistrate correctly concluded that all of the additional witnesses which the appellant desired to subpoena would have provided only redundant, immaterial, irrelevant, or cumulative testimony as to the issues which the petitions for writs of habeas corpus properly placed before the magistrate. Such witnesses were not "necessary" under I.C. § 19–4217, and the magistrate did not err in refusing to subpoena them.

In summary, we dismiss appeal no. 18599 and affirm the decision of the district court in no. 18671 upholding the magistrate's order dismissing Sivak's petitions for writs of habeas corpus. No costs or attorney fees awarded.

SWANSTROM, J., and McQUADE, J., Pro Tem., concur.