[No. B090659. Second Dist., Div. Seven. Aug. 19, 1996.]

COUNTY OF LOS ANGELES, Plaintiff and Respondent, v.
RANGER INSURANCE COMPANY, Defendant and Appellant.

## COUNSEL

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## OPINION

**WOODS, J.**—In this bail forfeiture appeal[1] we conclude the trial court did not lose jurisdiction by failing to forfeit bail upon the criminal defendant's initial nonappearance and performance by appellant-surety was not excused. We affirm the judgment.

### PROCEDURAL BACKGROUND

Mohammed Habibullah (defendant) was charged by the Los Angeles County District Attorney with multiple offenses including forcible rape, assault with intent to commit rape, sexual battery, and genital/anal penetration with a foreign object. Bail was set at $50,000.

About April 20, 1993, appellant posted $50,000 bail for the defendant and undertook to insure his appearance on May 18, 1993, and at all future court dates.

On the March 1, 1994, trial date the defendant failed to appear. Relatives of the defendant advised the court defendant was deceased and, as proof, presented a death certificate.[2] A Farsi court interpreter interpreted the death certificate.

The trial court, on its own motion, continued trial to April 1, 1994, and issued but held a bench warrant for defendant's arrest. The purpose of the continuance was to enable the People to verify the death certificate. The court did not forfeit bail.

On April 1, 1994, the matter was again continued, for the same purpose, to May 6, 1994. Again bail was not forfeited.

---

[1] Two appeals were filed, one from an order denying a motion to discharge a bail forfeiture, one from a summary judgment entered on the forfeiture. We granted appellant's motion to consolidate the appeals.

[2] The record on appeal does not include a reporter's transcript of the proceedings and we do not know whether any agent of the surety was present. However, in her declaration the surety's agent stated: "This declarant and all of her employees and agents were under the impression that the certificate was legitimate and proceeded on that premise. I was taken completely by surprise by the apparent fact that it was fraudulent."

On May 6, 1994, the court "read and considered documents submitted by the People from the U.S. Government in Pakistan." The court found "the death certificate is not legitimate." On this date the court forfeited bail.

In due course appellant was notified of the bail forfeiture, its motion to vacate the forfeiture was denied, and judgment against appellant entered. This appeal followed.

## DISCUSSION

Appellant urges three reasons we should reverse the judgment. We consider each.

1. *Did the trial court lose jurisdiction on March 1, 1994, by failing to forfeit bail?*

Penal Code[3] section 1305, subdivision (a) states: "A court *shall* declare forfeited the undertaking of bail . . . if, without sufficient excuse, a defendant fails to appear . . . ." (Italics added.)

"[T]he court's failure to declare a forfeiture upon a nonappearance without sufficient excuse . . . deprives the court of jurisdiction to later declare a forfeiture." (*People* v. *United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 907 [98 Cal.Rptr. 57, 489 P.2d 1385].)

However, section 1305.1 provides in pertinent part: "If the defendant fails to appear . . . upon any . . . occasion when his . . . appearance is lawfully required, but the court has reason to believe that sufficient excuse may exist for the failure to appear, the court may continue the case for a period it deems reasonable to enable the defendant to appear without ordering a forfeiture of bail or issuing a bench warrant."

Appellant argues that section 1305.1 cannot excuse the court's March 1, 1994, failure to forfeit bail because this section only applies when the purpose of the continuance is "to enable the defendant to appear . . . ."

"It is clear from the language of the statute," appellant asserts, "that such a continuance contemplates a *live* defendant who is expected to return to court if the excuse offered was indeed sufficient . . . . If the excuse offered is that the defendant is dead, a continuance is not authorized." We reject the argument.

---

[3]Statutory references, unless otherwise noted, are to the Penal Code.

As our Division Four colleagues recently observed, "the court can continue a hearing and still retain its jurisdiction to declare a forfeiture at a later time as long as it has a reason to believe that a sufficient excuse exists for the nonappearance." (*People* v. *Ranger Ins. Co.* (1994) 31 Cal.App.4th 13, 19 [36 Cal.Rptr.2d 807].) Our Supreme Court has stated, "the trial court may exercise its sound discretion in determining whether a defendant's failure to appear was 'without sufficient excuse.' . . . [When] the court was confronted with reassurances . . . which apparently suggested to the court that the failure to appear was excusable . . . it cannot be said that the acceptance of the excuse constituted an abuse of discretion. No forfeiture was thus required." (*People* v. *United Bonding Ins. Co., supra,* 5 Cal.3d 898, 906.)

When the trial court was confronted by family members of a nonappearing defendant who not only assured the court that the defendant was dead but presented a death certificate as proof—it would be strange indeed if the law required the court not to exonerate bail, *but to forfeit it.* Appellant cites no authority to support such a result and we know of none.

The trial court's action in continuing the matter, without forfeiting bail, was not only reasonable and within its discretion, but in furtherance of "[t]he law [which] traditionally disfavors forfeitures. . . ." (5 Cal.3d at p. 906.)

We conclude the trial court did not lose jurisdiction by failing to forfeit bail on March 1, 1994.

2. *Did the state render surety performance impossible?*

■ If the County of Los Angeles or the "state" acted to *prevent* surety-respondent from fulfilling its contractual duty of having defendant appear in court, then such performance is excused. (*People* v. *Meyers* (1932) 215 Cal. 115 [8 P.2d 837].)

Appellant claims respondent did just that. The claim is this: defendant fled to Cuba; "U.S. Department of the Treasury regulation No. 201(b) . . . restricts travel to Cuba"; this regulation prevented surety's agents from apprehending defendant and returning him from Cuba to the trial court. The claim is specious.

As appellant notes, the hostile relationship between Cuba and the United States has existed for 30 years, long antedating surety's bond. Cuba was just one of many places which defendant could flee to and be immune from surety's agents. Such risks were present when surety posted bond. Respondent did not *act* to increase those risks.

### 3. *Did respondent's failure to extradite defendant exonerate bail?*

■ We believe it useful to quote appellant's next contention fully and precisely:

"When the surety's agents ascertained that the defendant was in Cuba, they informed the district attorney of the location of defendant. The district attorney took no action to extradite the defendant. Section 1305, subdivision (g) provides that if the prosecuting agency elects not to seek extradition after being informed of the location of the defendant, the court shall vacate the forfeiture and exonerate the bond."

The following observations are in order:

First, at all relevant times, there was no subdivision (g) of section 1305.

Second, in 1994 section 1305 contained subdivision (f) which did include the quoted phrase but also included the italicized phrase, *omitted* by appellant: "(f) *In all cases where a defendant is in custody beyond the jurisdiction of the court that ordered the bail forfeited,* and the prosecuting agency elects not to extradite the defendant, the court shall vacate the forfeiture and exonerate the bond on terms that are just and do not exceed the terms imposed in similar situations with respect to other forms of pretrial release."

The record makes clear that defendant rather than being "*in custody* beyond the jurisdiction of the court" was in a private Cuban hotel, free and at liberty, when surety's agent talked to him on the telephone.

Third, subdivision (g) of section 1305 was added in 1994, effective January 1, 1996, and "provides," as appellant states, not just the culled phrase but this full paragraph: "(g) In all cases of forfeiture where a defendant is not in custody and is beyond the jurisdiction of the state, is temporarily detained, by the bail agent, in the presence of a local law enforcement officer of the jurisdiction in which the defendant is located, and is positively identified by that law enforcement officer as the wanted defendant in an affidavit signed under penalty of perjury, and the prosecuting agency elects not to seek extradition after being informed of the location of the defendant, the court shall vacate the forfeiture and exonerate the bond on terms that are just and do not exceed the terms imposed in similar situations with respect to other forms of pretrial release."

It requires no elaboration that appellant's contention—hinged upon a misleadingly extracted phrase—is meritless.

## Disposition

The judgment is affirmed.

Lillie, P. J., and Johnson, J., concurred.

A petition for a rehearing was denied September 11, 1996.